UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MODESTO HERNANDEZ,                          :
an individual,                              :
                                            :        CIVIL ACTION NO.
            Plaintiff,                       :
                                            :
vs.                                         :        Jury Trial Not Demanded
                                            :
MATTATUCK INVESTORS, LLC,                   :
a Connecticut Limited Liability Company,    :
                                            :
            Defendant.                       :
_____/

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiff, MODESTO HERNANDEZ, by and through his undersigned counsel, hereby files this Complaint and sues MATTATUCK INVESTORS, LLC, a Connecticut Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, MODESTO HERNANDEZ, (hereinafter referred to as "MR. HERNANDEZ"), is a resident of the State of New York. However, Plaintiff enjoys taking day and weekend trips to Connecticut and many other areas within driving distance.

4.      MR. HERNANDEZ is a qualified individual with a disability under the ADA. MR. HERNANDEZ suffers from Polio and requires a wheelchair to ambulate safely.

5.      Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.      The Defendant, MATTATUCK INVESTORS, LLC (hereinafter referred to as "Defendant") is a Connecticut Limited Liability Company. Upon information and belief, the Defendant is the owner, lessee, and/or operator of a place of public accommodation, including the real property and improvements which is the subject of this action, to wit: Mattatuck Plaza generally located at 650 Wolcott Street, Waterbury, CT 06705.

7.      All events giving rise to this lawsuit occurred in the District of Connecticut, New Haven County, Connecticut.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.      The Property, a large shopping plaza, includes numerous retails stores and restaurants.  Consequently, it is a place of public accommodation subject to the ADA.

10.     MR. HERNANDEZ last visited the Property in September 2018 and plans to return in the near future.

11.     During his visits, MR. HERNANDEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.     MR. HERNANDEZ continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein which continue to exist.

2

13.     Furthermore, but for the existing barriers to access, MR. HERNANDEZ would visit the Property more often.

14.     Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered his access to the Property:

> A.     Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to very steep surface slopes in some areas and pavement in disrepair.
>
> B.     Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to low signage which can be obstructed by parked vehicles.
>
> C.     Plaintiff encountered inaccessible sidewalk routes near Harbor Freight, Chuck E Cheese's, Dollar Tree, Rainbow and other areas throughout the Property due to running slopes in excess of 5% without handrails and excessive cross slopes.

15.     The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16.     Furthermore, DEFENDANT continues to discriminate against the Plaintiff, by failing to make reasonable modifications in policies, practices or procedures, when such

3

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.     Independent of his intent to return as a patron of the goods and services located at the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

19.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on DEFENDANT.

20.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.    That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B.    That the Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.    That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Date:  October 26, 2018

Respectfully Submitted,


By:___/s/ Louis I. Mussman_____
　　　　　Louis I. Mussman (ct27484)
　　　　　Ku & Mussman, P.A.
　　　　　18501 Pines Boulevard
　　　　　Suite 209-A
　　　　　Pembroke Pines, FL  33029
　　　　　Phone:  (305) 891-1322
　　　　　Fax:  (305) 891-4512
　　　　　E-mail:  louis@kumussman.com

　　　　　　　　and

　　　　　Ioannis A. Kaloidis, Esq. (ct25510)
　　　　　The Kaloidis Law Firm, LLC
　　　　　Local Counsel

580 Watertown Avenue
Waterbury, CT  06708
Tel: (203) 597-0010
Fax: (203) 597-0024
john@kaloidislaw.com

Attorneys for Plaintiff