UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MODESTO HERNANDEZ, :
an individual, :
 :
 : CASE NO. 3:18-cv-01774-VLB
Plaintiff, :
 :
vs. :
 :
MATTATUCK INVESTORS, LLC, :
a Connecticut Limited Liability Company, :
 :
Defendant. :
_____/

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, MODESTO HERNANDEZ, through his undersigned counsel, moves this Court to enter a Default against Defendant MATTATUCK INVESTORS, LLC, in accordance with the provisions of Rule 55(b) of the Federal Rules of Civil Procedure, and in support thereof states the following:

*Motion and Incorporated Memorandum of Law*

This is an action for injunctive relief and attorney's fees and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., ("Americans with Disabilities Act" or "ADA"). Plaintiff MODESTO HERNANDEZ, (hereinafter "Plaintiff") filed his Complaint on October 26, 2018. [Dkt. No. 1]. Defendant MATTATUCK INVESTORS, LLC, (hereinafter "Defendant") was properly served on November 1, 2018. [Dkt. No. 9]. However, as of this date, Defendant has failed to file a responsive pleading to Plaintiff's Complaint. Additionally, on December 6, 2018, the Clerk of Court granted Plaintiff's Request for Clerk's Entry of Default. [Dkt. No. 11]. Pursuant to the provisions of Rule 55(b)

1

of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend an action as provided by the Rules of Civil Procedure, such as the Defendant here, the Clerk shall enter a default against that party.

This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181 based on allegations of Defendant's violations of Title III of the Americans with Disabilities Act.

On July 26, 1990, Congress enacted the Americans with Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith.  See 42 U.S.C. § 12181 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less); see also 42 U.S.C. § 12134.  Under either scenario, the Defendant's deadline for compliance has long since passed.

Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  See 28 C.F.R. Part 36. Defendant is in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff.  The discrimination is based on Defendant denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, programs and accommodations as prohibited by 42 U.S.C. § 12181 and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where such removal is readily achievable.

Specifically, Plaintiff, who is disabled, claims that the Property owner discriminated against him by failing to remedy inaccessible parking spaces, sidewalk routes and curb ramps at its property.  See Affidavit of Modesto Hernandez. at  ¶¶ 2-5.

The Defendant's Property includes numerous retail stores which are open to the public.  The Property is owned by Defendant and must be accessible to individuals with disabilities under the requirements of the ADA.  Pursuant to 42 U.S.C. § 12181 and 28 CFR § 36.104, the land, buildings and facilities which are the subject of this action constitute a public accommodation covered by the ADA and which must be in compliance therewith.  Despite the architectural barriers discussed above and as detailed in the Affidavit of Mr. Hernandez, he intends to return to the Defendant's Property as a patron and also to determine whether the barriers to access have been remediated.  See Affidavit of Modesto Hernandez at ¶ 6.

Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and is entitled to recover the reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205. To date, Plaintiff's counsel has expended $4,412.50 in total fees, costs and litigation expenses in the prosecution of this action with regard to Defendant MATTATUCK INVESTORS, LLC.  See Affidavit of Louis I. Mussman at ¶ 9.

Pursuant to 42 U.S.C.§ 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to

make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are completed. Specifically, Plaintiff demands the following architectural barriers be remediated at the Property:

A. **Barrier**: Parking spaces designated for disabled use throughout the Property are not accessible due to very steep surface slopes in some areas and pavement in disrepair.

   **Proposed Correction**: Repave and/or regrade the existing disabled use parking spaces throughout the parking lot to provide slopes not to exceed 1:48 as required under ADAAG 502.4. In the alternative, relocate the disabled use parking spaces to alternate areas of the parking lot where the slopes do not exceed 1:48 per ADAAG 502.4.

B. **Barrier**: Parking spaces designated for disabled use throughout the Property are not accessible due to low signage which can be obstructed by parked vehicles.

   **Proposed Correction**: Provide accessible signs to identify all disabled use parking spaces throughout the Property at a minimum height of 60 inches measured from the ground surface to the bottom edge of the signs per ADAAG 502.6.

C. **Barrier**: Sidewalk routes near Harbor Freight, Chuck E Cheese's, Dollar Tree, Rainbow and other areas throughout the Property are not accessible due to running slopes in excess of 5% without handrails and excessive cross slopes.

**Proposed Correction**: Add compliant handrails to both sides of the sidewalk ramps near Harbor Freight, Chuck E Cheese's, Dollar Tree and Rainbow where the running slopes exceed 1:20 and the rise exceeds six inches per ADAAG 405.8.

WHEREFORE, Plaintiff respectfully moves this court to enter a Default Judgment against the Defendant MATTATUCK INVESTORS, LLC, grant the injunctive relief as noted herein and enter final judgment against Defendant in the amount of $3,937.50 for reimbursement of Plaintiff's reasonable attorney's fees and $475.00[1] for reimbursement of Plaintiff's costs as the prevailing party.

Dated:  December 20, 2018

                                              **Respectfully submitted,**

By:   /s/ Louis I. Mussman
      Louis I. Mussman (ct27484)
      Ku & Mussman, P.A.
      18501 Pines Boulevard
      Suite 209-A
      Pembroke Pines, FL  33029
      Phone:  (305) 891-1322
      Fax:  (305) 891-4512
      E-mail:  louis@kumussman.com

      and

      Ioannis A. Kaloidis, Esq. (ct25510)
      The Kaloidis Law Firm, LLC
      Local Counsel
      580 Watertown Avenue
      Waterbury, CT  06708
      Tel: (203) 597-0010
      Fax: (203) 597-0024
      john@kaloidislaw.com

      **Attorneys for Plaintiff**

---

[1] **Breakdown of costs in counsel's affidavit attached hereto.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2018, I filed the foregoing document via the Court's CM/ECF system, which will make electronic service on all counsel of record and a true and correct copy will also be mailed to the following:

MATTATUCK INVESTORS, LLC
By Serving Registered Agent:
Incorp Services, Inc.
6 Landmark Square, 4th Floor
Stamford, CT 06901-2704

                                                   By:   /s/ Louis I. Mussman
                                                          Louis I. Mussman (ct27484)